UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA HUGHES,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED OF OMAHA LIFE<br>INSURANCE COMPANY,<br><br>    Defendant. | No. 1:17-cv-00779-DAD-SAB<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS<br><br>(Doc. No. 5) |

This matter is before the court on defendant's motion to dismiss plaintiff's first amended complaint. On September 6, 2017, the motion came before the court for hearing. Attorney Vonn Robert Christenson appeared on behalf of plaintiff Brenda Hughes, and attorney Jenny H. Wang appeared on behalf of defendant United of Omaha Life Insurance Company. Having reviewed the parties' briefing and heard oral argument, and for the following reasons, defendant's motion to dismiss will be denied.

**BACKGROUND**

According to her first amended complaint, plaintiff is a participant in Group Policy No. GLTD-096B7 (the "Plan"), an employee welfare benefit plan sponsored by her former employer California Dairies, Inc. ("CDI"). (Doc. No. 1-1 at 78–82 ("FAC") ¶ 15.) United issued the group policy of insurance to CDI, which includes long term disability provisions. (FAC ¶ 16.) Plaintiff

1

alleges that on October 11, 2011, she became disabled and consequently entitled to long term disability benefits under the Plan. (FAC ¶ 17.) On May 14, 2012, plaintiff submitted a long term disability claim application. (FAC ¶ 18.) On August 27, 2012, plaintiff's application was denied. (FAC ¶ 19.) On January 28, 2013, that denial decision was upheld on appeal. (FAC ¶ 20.)

On February 14, 2013, CDI informed plaintiff that it was terminating her employment because plaintiff's treating physician considered her leave from work indefinite. (FAC ¶ 21.) Plaintiff submitted an application for social security benefits from the Social Security Administration, and on August 26, 2015, plaintiff received a determination from that agency that plaintiff had been legally disabled since October 11, 2011. (FAC ¶ 23.) In light of this determination, plaintiff asked United to reconsider its denial of long term disability benefits, but United declined to do so. (FAC ¶¶ 24–25.)

Plaintiff commenced this action against United and several other defendants on January 27, 2017 in Tulare County Superior Court. (*See* Doc. No. 1-1 at 2.) Subsequently, plaintiff filed a first amended complaint against United only on June 2, 2017. Therein, plaintiff alleges a single violation of the Employee Retirement Income Security Act of 1974 ("ERISA") for denial of benefits due under the Plan. (*See* FAC ¶¶ 12–30.) On June 6, 2017, defendant United removed this action to this court. (Doc. No. 1.)

On June 13, 2017, defendant United filed a motion to dismiss plaintiff's first amended complaint on the ground that plaintiff's sole ERISA claim is time-barred under the Plan's contractual limitations provision, as modified under California law. (Doc. No. 5.) On July 26, 2017, plaintiff filed her opposition. (Doc. No. 12.) On August 4, 2017, defendant filed its reply. (Doc. No. 14.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

"There are two parts to the determination of whether a claimant's ERISA action is timely filed: we must determine first whether the action is barred by the applicable statute of limitations, and second whether the action is contractually barred by the limitations provision in the policy." *Withrow v. Halsey*, 655 F.3d 1032, 1035 (9th Cir. 2011) (citing *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643 (9th Cir. 2000) (en banc)). In moving to dismiss plaintiff's first amended complaint, defendant does not dispute that this action was timely filed within the four-year statute of limitations governing ERISA claims. *See Wetzel*, 222 F.3d at 648–50. Instead, defendant argues that plaintiff's claim is barred by the Plan's contractual limitations period, as modified under California law. Accordingly, the court proceeds to determine the applicable limitations period under the contract, if any, and whether plaintiff's claim is time-barred.

**A.     Applicable Contractual Limitations Period**

In general, courts must give effect to a plan's contractual limitations provision unless either that period is either unreasonably short or a controlling statute prevents the limitations provision from taking effect. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. ___, 134

S. Ct. 604, 612 (2013). The California Insurance Code provides for the inclusion of several compulsory standard provisions for disability insurance policies:

> [E]ach disability policy . . . shall contain the provisions specified in Sections 10350.1 to 10350.12, inclusive, in the words in which the same appear in such sections; provided, however, that the insurer may, at its option, substitute for one or more of such provisions corresponding provisions of different wording approved by the commissioner which are in each instance not less favorable in any respect to the insured or the beneficiary.

Cal. Ins. Code § 10350; *see also Sweatman v. Dep't of Veterans Affairs*, 25 Cal. 4th 62, 68 (2001). A policy found to be in violation of the chapter of the Insurance Code governing disability policies "shall be held valid but shall be construed as provided in this chapter. When any provision in such a policy is in conflict with any provision of this chapter, the rights, duties and obligations of the insurer, the insured and the beneficiary shall be governed by this chapter." Cal. Ins. Code § 10390; *see also Galanty v. Paul Revere Life Ins. Co.*, 23 Cal. 4th 368, 375 (2000).[1]

Under California law, all disability policies must include the following provision:

> Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of *three years after the time written proof of loss is required to be furnished*.

Cal. Ins. Code § 10350.11 (emphasis added). By contrast, the Plan at issue in this case contains the following limitations provision:

> Legal Actions
>
> No action can be brought until at least 60 days after we have been given written proof of loss. No legal action can be brought more than *two years after the date written proof of loss is required*.

/////

---

[1] Where language in a particular policy is substantially identical to the statutorily mandated language, courts apply principles of statutory interpretation to implement the intent of the legislature. *Blue Shield of Cal. Life & Health Ins. Co. v. Superior Court*, 192 Cal. App. 4th 727, 737 (2011). However, where such policy departs from the statutorily mandated language, courts apply principles of contract interpretation to "construe any ambiguities in a manner that protects the expectations of a reasonable policyholder." *Id.*

4

(Doc. No. 1-1 at 37 (emphasis added).)[2]  Because the limitations provision in the Plan is less favorable than the one provided for by statute, and because defendant presents no evidence that the California Insurance Commissioner approved the language in that provision, the court concludes that the three-year limitations period under § 10350.11 shall apply to plaintiff's ERISA claim.[3]

While she agrees that the two-year limitations period under the Plan is invalid in view of § 10350.11, plaintiff contends that the no contractual limitations provision should be read into the Plan at all, due to ERISA's broad remedial purpose.  (*See* Doc. No. 12 at 7.)  The court is unpersuaded by this argument.  Plaintiff cites no authority—and this court finds none—to support the proposition that ERISA precludes application of state contract law.  To the contrary, courts have been clear that in the context of ERISA, "[u]nder California law, 'insurance policies are governed by the statutory and decisional law in force at the time the policy is issued.  Such provisions are read into each policy thereunder, and become a part of the contract with full binding effect upon each party.'"  *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012) (quoting *Interinsurance Exch. of Auto. Club of S. Cal. v. Ohio Cas. Ins. Co.*, 58 Cal. 2d 142, 148 (1962)); *see also* Cal. Ins. Code § 10390.

Accordingly, plaintiff's ERISA claim is subject to a three-year contractual limitations period.

**B.    Accrual of Limitations Period**

Having determined the appropriate contractual limitations period, the court must then determine when such period accrued.  As described above, plaintiff is barred from filing suit "three years after the time written proof of loss is required to be furnished," pursuant to California

---

[2]  A copy of the group policy under the Plan (*see* Doc. No. 1-1 at 7–52) was attached as an exhibit to plaintiff's original complaint but not to her first amended complaint.  Because plaintiff's first amended complaint necessarily relies on the group policy, the authenticity of which neither party challenges, the court will consider it properly submitted as part of plaintiff's first amended complaint for purposes of this motion to dismiss.  *See Lee*, 250 F.3d at 688–89.

[3]  Because the remainder of the limitations provision in the Plan is substantially identical to the language in § 10350.11, the court will read § 10350.11 in its entirety into the Plan.  *See Blue Shield of Cal.*, 192 Cal. App. 4th at 737.

5

Insurance Code § 10350.11.

To establish when written proof of loss is required to be furnished, California law further mandates inclusion of the following proof of loss provision:

> Proofs of Loss: Written proof of loss must be furnished to the insurer at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which the insurer is liable and in case of claim for any other loss within 90 days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

Cal. Ins. Code § 10350.7. Neither this language nor any substantively similar language appears in the Plan. Instead, to determine when the statutory limitations period accrues, defendant United relies on a separate provision in the Plan governing the submission of an insured's claim form, which includes proof of loss, following the onset of her disability:

> The claim form should be sent to us within 90 days after the end of [the insured's] Elimination Period; or as soon as reasonably possible. If it is not possible to give [United] proof within 90 days, it must be given to [United] no later than one year after the time proof is otherwise required . . . .

(Doc. No. 1-1 at 31.) The term "Elimination Period" in that provision refers to the 180-day "period of continuous Partial or Total Disability which must be satisfied before [an insured is] eligible to receive benefits." (*Id.* at 12, 21.) Defendant United argues that the due date for submission of an insured's initial claim form under the Plan—one year and 270 days after the commencement of the disability—triggers the three year contractual limitations period under § 10350.11.[4]

Defendant, however, has not presented evidence showing that the language in the Plan's claim submission provision was officially approved or that such a provision was intended to supersede § 10350.7 entirely. Moreover, as discussed below, the language in the Plan is not more favorable than § 10350.7 in every respect. *See* Cal. Ins. Code § 10350. For these reasons, the

---

[4] Thus, assuming plaintiff's disability began October 11, 2011, defendant contends that the Plan bars plaintiff from bringing suit after July 2016. (*See* Doc. No. 5-1 at 8.)

court will read the statutorily mandated language into the Plan, in order to determine when written proof of loss is required to be furnished. Applying §§ 10350.7 and 10350.11 to this case then, the court concludes plaintiff's ERISA claim—which appears to arise from a continuing disability (*see* FAC ¶ 23)—is barred three years and ninety days following "the period for which the insurer is liable."

While there is currently no controlling case law interpreting the phrase "the period for which the insurer is liable" as it appears in § 10350.7, courts have been split in construing substantially similar language in other states.[5] The majority of these courts have held that the phrase refers to the entire period of disability, such that proof of loss must be furnished after the disability terminates. *See, e.g.*, *Hofkin v. Provident Life & Accident Ins. Co.*, 81 F.3d 365, 375 (3d Cir. 1996) (applying Pennsylvania law); *Clark v. Mass. Mut. Life Ins. Co.*, 749 F.2d 504, 507 (8th Cir. 1984) (applying Arkansas law); *Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872, 887 (D. Del. 1994) (applying Delaware law); *Wall v. Pa. Life Ins. Co.*, 274 N.W.2d 208, 214 (N.D. 1979) (applying North Dakota law); *Laidlaw v. Commercial Ins. Co. of Newark*, 255 N.W.2d 807, 811 (Minn. 1977) (applying Minnesota law); *Cont'l Cas. Co. v. Freeman*, 481 S.W.2d 309, 312 (Ky. 1972) (applying Kentucky law). Indeed, at least one district court in this circuit has adopted this majority approach in interpreting California law. *See Gray v. United of Omaha Life Ins. Co.*, No. CV 16-7383 MWF (JCX), 2017 WL 1654077, at *9 (C.D. Cal. May 1, 2017) (construing the phrase "period for which the insurer is liable" in § 10350.7 to mean the entire period of disability). On the other hand, a minority of courts have construed similar language to refer to every period (e.g., month) for which an insured remains disabled, such that a new cause of action accrues at the end of each such period. *See, e.g.*, *Schaefer v. AXA Equitable Life Ins. Co.*, 345 F. App'x 87, 95 (6th Cir. 2009) (applying Michigan law and citing *Selesny v. U.S. Life Ins. Co.*, No. 236141, 2003 WL 1861028, at *6 (Mich. Ct. App. Apr. 8, 2003)); *Goff v.*

---

[5] Recently, the Ninth Circuit addressed substantially identical language in an Oregon statute and, recognizing diverging constructions of the phrase "the period for which the insurer is liable," certified the question to the Oregon Supreme Court. *See Raynor v. United of Omaha Life Ins. Co.*, 858 F.3d 1268, 1272–73 (9th Cir. 2017), *certified question accepted*, 361 Or. 802, 400 P.3d 923 (2017).

*Aetna Life & Cas. Co.*, 1 Kan. App. 2d 171, 176 (1977) (applying Kansas law).  For a time, the Ninth Circuit recognized the split in authority and adopted the minority view.  *See Nikaido v. Centennial Life Ins. Co.*, 42 F.3d 557 (9th Cir. 1994) *overruled by Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643 (9th Cir. 2000) (en banc)).  In *Nikaido*, the Ninth Circuit concluded that the phrase "the period for which the insurer is liable" in § 10350.7 "means either (a) that one proof of loss will suffice for one continuous period of liability or (b) that each month of continuing loss must be covered by a proof of loss within 90 days thereafter."  42 F.3d at 560 (quoting *Freeman*, 481 S.W.2d at 312).  Finding the minority view more reasonable, the Ninth Circuit held that the phrase refers to each month of disability.  *Id.*  The *Nikaido* decision, including its construction of § 10350.7, was eventually overruled in its entirety by the Ninth Circuit in *Wetzel*.  *See Withrow*, 655 F.3d at 1039.

In light of the alternative constructions described above, the court need not definitively construe the phrase "the period for which the insurer is liable" at this time.  The first amended complaint supports an inference that plaintiff suffers from a disability that continues to the present day.  (*See* FAC ¶¶ 17, 21, 23.)  Thus, plaintiff's ERISA claim is not time-barred because either (1) under the majority view, proof of loss has not become due; or (2) under the minority view, plaintiff may recover monthly benefits for which proof of loss was due within three years prior to commencement of this action.

**CONCLUSION**

For the reasons set forth above, plaintiff's ERISA claim is not entirely barred under the Plan's contractual limitations provision, as modified under California law.  Accordingly, defendant's motion to dismiss (Doc. No. 5) is denied.

IT IS SO ORDERED.

Dated: __**October 6, 2017**__  _____
UNITED STATES DISTRICT JUDGE

8